UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| v. | § | Criminal Action H-11-803 (1) |
| | § | |
| Lawrence Stowe | § | |

**Order**

Before the court is the defendant's motion to modify sentence (Dkt. 248) and the government's response in opposition (Dkt. 249). The defendant's motion was filed pursuant to The Compassionate Release Statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018. After a careful review of the defendant's motion and the government's response, the record, the pleadings and the applicable law, the court finds that the defendant's motion should be denied.

I.

**The Compassionate Release Statute**

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

(c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—

(1)    in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Further, 28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Accordingly, the relevant policy statement of the Commission is binding on the Court. *See Dillon v. United States,* 560 U.S. 817, 827 (2010) (where 18 U.S.C. § 3582(c)(2) permits a sentencing reduction based on a retroactive guideline amendment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the Commission's pertinent policy statements are binding on the court).

The Sentencing Guidelines policy statement appears at § 1B1.13, and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Critically, in application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

In general, the defendant has the burden to show circumstances meeting the test for compassionate release. *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

II.

## Discussion

Here, the defendant seeks to modify his sentence to time served with no period of supervised release to follow. According to the defendant's motion, he is currently subject to home confinement and his projected release date is February 16, 2020.

On May 2, 2014, the court sentenced the defendant to a total term of 78 months' imprisonment for the offenses of: (1) conspiracy to commit mail fraud by offering recommending, and selling drug and biological products not approved by the FDA; wire fraud; misbranding of drugs; and, introduction of unapproved drugs into interstate commerce; (2) introduction of misbranded drugs into interstate commerce; and (3) introducing an unapproved new drug into interstate commerce. The court also imposed concurrent 3-year terms of supervised release, subject to certain, specified conditions, as well as a $419,358.00 restitution order, and a $300 special assessment.

The defendant seeks compassionate release based on Application Note 1. USSG § 1B1.13, comment (n.1). Defendant contends that he satisfies Application Note 1(B).

It is undisputed that the defendant is at least 65 years old and has served 75 percent of his term of imprisonment.

However, after reviewing the exhibits attached to the defendant's motion, the court finds that although the defendant's physical condition may have deteriorated over the last 50 months, the defendant has not shown the "serious deterioration of physical … health because of the aging process that would justify compassionate release. United States v. Willis, 2019 WL 2403192, at *3 (D. N.M. June 7, 2019).

III.

**Conclusion**

Therefore, the defendant's motion to modify sentence (Dkt. 248) is DENIED.

Signed at Houston, Texas on September 25, 2019.

_____
Gray H. Miller
Senior United States District Judge